Thomas *v.* Graham.

Walker.
1 w 117
103  529

## Henry Thomas *v.* Stone & Graham.

A plea of a *bona fide* purchaser without notice, must aver, not only a want of notice at the time of the purchase, but also at the time of its completion, and the payment of the money.   The money must have been actually paid before notice.

It is not enough that the party has secured the money; he must have paid it, or become bound in such a way that this Court could not relieve him from the payment of it.

A complainant cannot examine as a witness a defendant against whom he seeks relief; if his answer is insufficient complainant should except, and if his testimony is sought to facts not stated in the bill, it should be amended.

This was a bill to foreclose a mortgage.

The complainant, January 31st, 1837, in consideration of $900, conveyed to Stone certain real estate situate in Auburn, Oakland county, and took back a mortgage on the same premises, for $800 of the purchase money.   On the 24th day of August following, and before the mortgage to Thomas was recorded, Stone conveyed the premises to Graham by warranty deed, which was recorded on the same day.   The bill charged Graham with notice of the mortgage when he purchased, and that nothing had been paid by him to Stone.   Graham, by his answer, denied all notice, and stated that, at the time of the execution of the deed to him, he executed and delivered to Stone his obligation for $200, which was unpaid, and also a bond in the penal sum of $800, conditioned to reconvey a part of the premises to Stone, on his return from the South, where he expected to be gone five years.   The bill was taken as confessed against Stone, who was a non-resident defendant.   Several witnesses were examined by complainant; and Graham, by consent of the parties, was

examined concerning the consideration that had been paid by him.

*O. D. Richardson*, for complainant.

*Wm. Draper*, for defendant Graham.

THE CHANCELLOR. The mortgage to Thomas and the deed to Graham, were given long before the revised statutes took effect; and, by the statute in force at the time for the registry of mortgages, it was provided that no mortgage, nor any deed, conveyance, or writing, in the nature of a mortgage, should defeat or prejudice the title or interest of any *bona fide* purchaser of any lands or tenements, unless the same had been duly registered. *Laws of Michigan*, (1833) *p.* 284.

A plea of a *bona fide* purchaser without notice must aver not only a want of notice at the time of the purchase, but also at the time of its completion, and of the payment of the money. The money must have been actually paid before notice. If a part has been paid, and a part remains unpaid, the purchaser will be protected in what he has paid, but not in any subsequent payments made by him. *Frost* v. *Beekman*, 1 *J. C. R.* 301; *Jewett* v. *Palmer*, 7 *J. C. R.* 65. This is what is meant by *bona fide* purchaser in the act referred to. *Dickerson* v. *Tillinghast*, 4 *Paige R.* 215. There is no difference "between a purchaser in good faith, under the recording act, and a *bona fide* purchaser within the decision of Courts of Equity in other cases." *Grimstone* v. *Carter*, 4 *Paige R.* 421. The registry laws were designed to protect subsequent purchasers and mortgagees, who had parted with their money, and taken a deed, against prior conveyances by their grantors, of which they had no notice. They were not made for the protection of prior purchasers or mortgagees, who

stood in need of nothing of the kind.    But equity will not permit a subsequent purchaser to use what the law has placed in his hand as a shield, for a purpose not necessary to his protection, and to the injury of a prior *bona fide* purchaser.    By the English registry laws all prior conveyances are declared fraudulent and void against subsequent purchasers, whose deeds are first recorded.    *Sug. on Vend.* 498.    And, at law, the last conveyance, when first recorded, carries with it the legal title, although the vendee had notice of the prior conveyance; but in equity, where the intention is looked at, rather than the words of the registry act, he is held to be bound by the previous conveyance.    *Sug. on Vend.* 511, *Ed. of* 1820.

Graham denies he had any notice of the mortgage when he purchased; and there is no positive evidence on that point.    The transaction, when viewed in all its parts, looks much like a piece of contrivance to defraud Thomas.    It is not necessary, however, to go into the testimony; for, admitting Graham had no notice of the mortgage, still he is not a *bona fide* purchaser.    He has paid nothing.    It is not enough that the party has secured the purchase money; he must have paid it, or become bound for it in such a way that this Court could not relieve him from the payment of it; as, by a promissory note, which had been negotiated, or the like.    The bond for $200, if it has been assigned by Stone, (of which there is no evidence,) would, in the hands of the assignee, be subject to all equities existing against it before it was assigned.

I give no credence to the testimony of Graham taken as a witness in the cause.    It is at war with his answer, and both cannot be true, although both are under oath.

The complainant had no right to examine him as a witness.    If he had not answered to the bill fully, the complainant should have excepted to his answer; or, if he

wished his answer to facts not stated in the bill, he should have amended his bill for that purpose. *Norris* v. *Hurd, ante* 102. If he had been examined under the fifty-fifth rule of the Court, which saves the question of competency till the hearing, his deposition would be suppressed on the ground of interest; but he was made a witness by consent, and an order of Court entered on a stipulation of the parties for that purpose.

Reference to Master to compute amount due, &c.